## CHARLES H. REED *vs.* PETER GALLAGHER.

A defendant in an action of ejectment moved for a new trial on the ground that the court should have held the deed under which the plaintiff claimed void because the defendant was at the time of the conveyance in adverse possession of the premises. The motion stated that the defendant " claimed to be in possession at the time of the sale to the plaintiff, and forbade the sale, and had since refused to yield possession." Held that this did not show that the defendant must have been in actual possession at the time of the sale.

EJECTMENT, tried before *Sanford, J.* Motion for new trial by defendant. The case will be sufficiently understood without a statement of the facts.

*White* and *Taylor*, in support of the motion.

*Averill* and *Brewster*, contra.

PARK, J. The defendant insists that the deed under which the plaintiff claims was void by reason of the statute which declares, that " all deeds of bargain and sale, leases, or other alienations in fee, for life, or years, or any term whatever, of lands or tenements, of which the grantor, lessor, vendor, or person executing such instrument is ousted by the entry and possession of some other person, unless made to the person in actual possession, shall be void." He claims that he had ousted the owner, and was in the actual possession of the land, when the deed was given ; and if so, then manifestly the deed was void. But there is no finding that he was in possession ; all that is stated upon the subject in the motion is, that the defendant on the day of the sale claimed to be in possession of the premises, and forbade the sale and, has since refused to yield possession. The mere fact that he claimed to be in possession, is of no importance, for he might have made the claim without any foundation in fact ; and if he afterwards came into possession of the premises, and refused to yield them to the plaintiff, which would be entirely con-

sistent with the motion, it of course would not be sufficient to bring the case within the provisions of the statute. But it is further found by the court, that the premises were for some time in the occupancy of one Mrs. McLarkey, and the only evidence tending to show that they were ever in the possession of the defendant consisted in the fact that he claimed that she was his tenant.

We do not advise a new trial.

In this opinion the other judges concurred.